UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUZANNE CAREY, | |
| Plaintiff, | CASE NO. C10-5592BHS |
| v. | |
| PIERCE COUNTY SUPERIOR COURT DOMESTIC VIOLENCE UNIT, et. al., | ORDER DENYING PLAINTIFF'S MOTIONS AND ORDERING PLAINTIFF TO SHOW CAUSE |
| Defendants. | |

This matter comes before the Court on Plaintiff's ("Carey") motion to submit pretrial evidence and to enter default against Defendants (Dkts. 19, 21). Also before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and their motion to limit Carey's filings (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Carey's motions for default and to submit pretrial evidence. The Court also hereby grants in part and denies in part Defendants' motion and orders Carey to show cause for the reasons discussed herein.

**I. PROCEDURAL HISTORY**

On December 1, 2010, Carey filed a motion to submit pretrial evidence. Dkt. 19. On December 9, 2010, Defendants moved to dismiss Carey's claims pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure; they also moved the Court

ORDER - 1

to limit Carey's filings. Dkt. 21. On December 13, 2010, Carey moved for default against Defendants.

The parties did not file briefs in opposition to these motions.

## II. DISCUSSION

**A.    Carey's Motions**

### 1.    Motion for Default

Because Defendants submitted a motion to dismiss and are, therefore, participating actively in this litigation, a motion for default is improper. Fed. R. Civ. P. 55(a) (not permitting default where party has otherwise defended). Therefore, the Court denies Carey's motion for default with prejudice.

### 2.    Pretrial Evidence

Carey's motion to submit pretrial evidence is premature at this point in the litigation. Therefore, the Court denies this motion without prejudice.

**B.    Defendants' Motion to Dismiss and to Limit Carey's Filings**

### 1.    Motion to Dismiss

Defendants move the Court to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1), (6). Carey has not opposed the motion. When "a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). Although the Court could grant Defendants' motion to dismiss on this basis, the Court provides Carey with some latitude given that she is proceeding *pro se*.

Therefore, the Court reserves ruling on Defendants' motion to dismiss and orders Carey to show cause why this Court should not dismiss her claims for the reasons given in Defendants' motion to dismiss.

### 2. Motion to Limit Carey's Filings

The Court grants Defendants' motion to limit Carey's filings as follows: Until otherwise notified, Carey is not to make any filings in this matter that do not pertain to Defendants' motion to dismiss.

## C. Notice

Rule 12 informs a plaintiff of what they must do in order to oppose a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Generally, a motion under this rule must be granted when a plaintiff has failed to state a claim for which the law provides relief or the plaintiff has failed to plead facts that would support a theory available under the law – that is, where either the law cannot help the plaintiff, or the plaintiff cannot provide facts sufficient to support his or her case under the law, the party who asked for dismissal is entitled to judgment, which will end a plaintiff's case. When, as here, the motion to dismiss is based on an alleged failure to plead facts to support a cognizable legal theory, a plaintiff may not be able to simply rely on what his or her complaint states. Instead, where a plaintiff's complaint is factually deficient, a plaintiff must set out specific facts in declarations, or authenticated documents, or an amended complaint that contradicts the facts shown in a defendant's documents and shows that there are facts that, if believed, would support a cognizable legal theory. If Carey does not adequately respond to Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal may be granted and there will be no trial.

Additionally, if Carey chooses to respond to the motion, she will also have to similarly address each of Defendants' other bases for dismissal, including Fed. R. Civ. P. 12(b)(1) (subject matter jurisdiction). If and when Carey responds in opposition to Defendants' motion to dismiss, Defendants may then file a reply on or before January 28, 2011.

## III. ORDER

Therefore, it is hereby **ORDERED** that

(1) Carey's motion for default is **DENIED**;

(2) Carey's motion to submit pretrial evidence is **DENIED**;

(3) Plaintiff **SHALL** file a response to this order to show cause on or before January 21, 2011, as discussed herein; and

(4) Defendants' motion to dismiss and limit Carey's filings is **GRANTED in part** and **RESERVED in part** as discussed herein. The motion to dismiss is **RENOTED** to January 28, 2011.

DATED this 10th day of January, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4